# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

PIPE FREEZING SERVICES, INC.,
INDIVIDUAL AND D/B/A PFS, INC.                                      PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 2:09cv93KS-MTP

AIR LIQUIDE AMERICA, LP; DANNY OTT;
AND DEFENDANTS A-Z                                    DEFENDANTS

## ORDER OF REMAND

This matter comes before the court on a Motion to Remand **[#5]** filed on behalf of the plaintiff. The court having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

In 2002, the plaintiff, Pipe Freezing Services, Inc. ("PFS") entered negotiations and ultimately a contract with Air Liquide America, LP ("Air Liquide") concerning the purchase of nitrogen for use in its business. The plaintiff was purchasing the nitrogen for resale to one of it's customers, Dixie Pipeline. In 2006, the plaintiff alleges that Air Liquide informed it that no nitrogen was available to fulfill the contract. As a result, the plaintiff contends that it had to breach its contract with Dixie Pipeline and that Air Liquide ultimately stepped in, and using confidential proprietary information provided by

PFS, began to sell nitrogen directly to Dixie Pipeline.

As a result of its failing to provide the nitrogen to PFS and the alleged subsequent conduct of Air Liquide, on April 13, 2009, the plaintiff filed its original Complaint in the Circuit Court of Forrest County, Mississippi, alleging a breach of contract, among other things. In its Complaint, the plaintiff alleged that it is a Mississippi based corporation; that defendant Danny Ott, an Air Liquide employee, is an adult resident citizen of Mississippi; and that Air Liquide has a principle place of business in the State of Mississippi. Air Liquide removed the case to this court alleging Federal Jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 by asserting that Danny Ott was fraudulently joined.

## **STANDARD OF REVIEW - REMAND**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is

equally true, that it must take jurisdiction if it should."

## **FRAUDULENT JOINDER**

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549; (*citing Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)(*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964))). This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; and *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549. *See also*, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition

testimony. See *Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. See *Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000); and *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant. *Badon*, 224 F.3d at 390.

Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit has held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*)(internal footnotes omitted)(*cert. den.* 125 S.Ct. 1825, 73 USLW 3372, 73 USLW 3612, 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)). The Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as

> distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted). However, the Fifth Circuit has explained that the district court acts well within its bounds when it uses both standards in tandem to resolve the question of proper joinder. *Berry v. Hardwick*, 152 Fed. Appx. 371, 374 (5th Cir. 2005).

## **ANALYSIS**

The defendant does not contend that there is outright fraud in the plaintiff's pleadings but only that there is no reasonable basis upon which the plaintiff can recover against Danny Ott in state court. The plaintiff's argument in favor of remand is that a cognizable cause of action exists against the non-diverse defendant, Ott, in that he personally was involved in providing nitrogen to PFS.

However, the affidavit of Ott attached to the Removal Petition establishes that he is in fact a Branch Manager for Air Liquide in its carbon dioxide business, not nitrogen, and that he never heard of PFS or Dixie Pipeline and never had dealings with either prior to being served a summons in this case. In response the plaintiff does not challenge the veracity of Ott's assertions but instead argues that Ott, as a high ranking employee of Air Liquide, was "likely aware" and must have had knowledge of the business relationship between PFS and Dixie Pipeline and the related contract negotiations concerning the PFS contract with Air Liquide.

Based on the uncontested evidence, there is nothing to suggest that Ott had any

role in the acts or omissions that resulted in the alleged breach of contract. After identifying Ott as a Mississippi resident, the Amended Complaint attempts to factually explain how Ott might have been involved in the litany of negligent acts or omissions alleged which include his direct participation in delivering nitrogen to PFS. Although Ott has admitted to working for PFS, his affidavit clearly dispels any notion that he had anything to do with contractual relationship between PFS and Air Liquide and could not have been involved in any of the alleged wrongs asserted by the plaintiff. The plaintiff has offered nothing to suggest that Ott could be liable for the alleged breach of contract between PFS and Air Liquide beyond the conclusory, and now disproved, allegations of the Complaint.

This court cannot find that the plaintiff has a reasonable possibility of recovery against Danny Ott based merely on Ott's position as a manager with Air Liquide and the discredited and unsupported allegations of the Complaint. Under Mississippi law, a managerial employee is not personally liable for injuries resulting from daily activities for which an employee had no direct contact. *See Griffen v. Dolgen Corp., Inc.*, 143 F. Supp. 2d 670, 671 (S.D. Miss. 2001). Further, as this court has previously held, "[c]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined." *Indian Gold, LLC v. Amstar Mortg. Corp.*, 504 F. Supp. 2d 147, 150 (S.D. Miss. 2007).

In the face of the uncontroverted testimony of Danny Ott, the plaintiff has requested that the court allow it to engage in jurisdictional discovery to ascertain the identities of the alleged John Doe defendants who may have "assisted Air Liquide in the transportation of nitrogen and committed other acts which assisted Air Liquide in

interfering with the contract between PFS and Dixie Pipeline." This is merits discovery, not jurisdictional discovery. The plaintiff was under an obligation to ascertain the identity of proper non-diverse defendants prior to filing suit. Its failure to do so is fatal to the remand motion and the court is not obligated to allow the plaintiff to now pursue a fishing expedition to correct that failure.

Therefore, the court finds that defendant Danny Ott has been improperly joined to defeat diversity jurisdiction and should be dismissed with prejudice. After Ott's dismissal, there is complete diversity between the parties. Further, there has been no assertion that the amount in controversy is insufficient to support this court's exercise of jurisdiction over the remaining parties based on diversity.

IT IS THEREFORE ORDERED AND ADJUDGED that defendant Danny Ott has been improperly joined and is dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Remand **[#5]** filed by the plaintiff is denied; that the Stay previously entered in this action is lifted; and that the parties shall contact the Magistrate Judge within ten days of this order for the entry of a new Case Management Order.

SO ORDERED AND ADJUDGED this the 20th day of August, 2009.
*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE